2dly. Because he had not given the defendant notice that he had discharged the said debt, before this action was brought.
3dly. Because Samuel Jones, the principal, was not insolvent at the time when the plaintiff paid off the note.
His Honor charged the jury that before the plaintiff could recover he must prove to their satisfaction that Samuel Jones, the principal, was insolvent at the time when the plaintiff discharged the note, and that he remained insolvent up to the time at which this action was commenced; and that the plaintiff had given notice to the defendant that he had paid the debt of their principal; and that if they were satisfied of these facts, it was not necessary for the plaintiff to show, in order to entitle him to recover of the defendant, his co-surety, that he had paid the money upon a suit brought and recovery had against him; for that as soon as he ascertained that his principal was insolvent he had a right to pay the debt without suit, and go against his co-surety for contribution. His Honor instructed the jury, further, that the former suit brought by the plaintiff for the same cause of action was sufficient notice to the defendant. There was a verdict and judgment for the plaintiff, and the defendant appealed.
The judgment ought not, we think, to be reversed for any of the causes set forth in the exceptions.
A previous suit for the same cause of action is, undoubtedly, (598) both a notice and a demand of the plaintiff's claim.
Although the statute uses the term "compelled," yet in our opinion it is not necessary, to enable one co-surety to have contribution from another, that the former should pay the debt under the compulsion of a judgment and execution. The word is rendered appropriate by the known repugnance of a surety to pay the debt of his principal, if it can be avoided. Therefore he may be said to be compelled by his contract and the default of his principal. The Legislature could not have meant to require a litigation so needless; for it is to be remembered that the insolvency of the principal is presupposed, and indeed the objection does not even require that he should be sued, but only the surety.
When the principal makes default the surety is not obliged to incur the expense of a suit, but may, of his own accord, do that to which he might be coerced by action; and if he cannot obtain indemnity from the principal by reason of his insolvency, he may justly and legally claim contribution from one who assumed jointly with him the responsibility of suretyship.
The defendant has no reason to complain of the instructions as to the period at which the insolvency must have arisen, and during which it must continue, in order to give the action between the sureties. We indeed are not aware of any authority or reason why the action will not lie, although the principal was solvent when the surety paid the money; provided he subsequently became insolvent before the surety received payment, or had a reasonable time to prosecute a suit against him to judgment. The object of the act was to do away the necessity of going into a court of equity, and therefore, whenever the facts occur which constitute the merits of the case of that party who paid the money, the legal jurisdiction for his relief also arises. In this case, however, the insolvency existed from the day the surety paid the debt to that on which he brought suit; which must certainly be sufficient.
PER CURIAM. Judgment affirmed.
Cited: Fagan v. Williamson, 53 N.C. 435; Nixon v. Long, 33 N.C. 430;Bryan v. Hack, 57 N.C. 324. *Page 472 
(599)