This is an action of covenant upon a guaranty under seal dated 12 September, 1845, of a note executed by one Halsey for $250, payable to the defendant. The note was executed in July, 1845, and fell due 1 January, 1846. On 13 April, 1844, Halsey executed a deed in trust to Badham, conveying the greater part of his property to secure debts due to sundry persons, amounting to $5,000 or thereabouts; and on 11 April, 1846, the said Halsey executed another deed in trust to one Norcom and one Benbury, embracing all the balance of his property of every description and the interest thereon, including fourteen negroes, not conveyed in the deed of 1844, to secure debts due to sundry persons, amounting to a much larger sum than those secured in the deed of 1844. It was proved on the trial that Halsey was reputed to be entirely insolvent from and after the execution of the deed of 1846, and that on the sale of all his property in December, 1848, by the said trustees, it fell short of paying the debts secured in the sum of $6,000. It also appeared that in March, 1849, the plaintiff made (429) a demand on Halsey to pay the said note; that in May, 1849, the plaintiff, by his counsel, sued out a writ in assumpsit
on the said covenant, returnable to May term of Perquimans County Court (the second Monday of May) and returned "Executed"; that his counsel moved the court to change the said writ from case to covenant, which motion was refused, and the plaintiff submitted to a nonsuit. Whereupon the present suit was brought, returnable to August Term, 1849, of Perquimans County Court.
The defendant offered to prove by parol that it was a condition of the said guaranty that suit should be brought by the plaintiff on the note in question. The evidence was rejected by the court.
The court charged that the plaintiff was bound to use the same degree of diligence in collecting the note from Halsey that a prudent man would use in collecting a debt of his own; that if he had failed to do so, then the defendant was entitled to their verdict. The court further charged that the suing out *Page 306 
of the writ in May, 1849, though not in proper form, was such a demand on the defendant as would satisfy the law. To this latter part of the charge the defendant excepted. After the jury had been out some time, they returned into court and asked if the said note was not secured in the deed of trust of April, 1846; to which the court answered that the deed embraced a debt of $250, the balance due on two notes, and there was no other evidence that it embraced the note of $250, now the subject of litigation. To this answer of the court to the interrogatory of the jury the defendant excepts. The defendant also excepts to the opinion of the court in rejecting the parol evidence.
The jury returned a verdict for the plaintiff, and from the judgment thereon the defendant appealed.
The defendant offered to prove by parol that it was a condition of the covenant that Nixon was to bring suit on the note. The court rejected the evidence, and to this the defendant excepts. There is no error. We can see no reason for making an exception, in this case, to the rule, that a written instrument cannot be added to, varied, or explained by parol proof.
The court charged that suing out the writ in May, 1849, although it was not in proper form (being in assumpsit), was a sufficient demand. To this the defendant excepts. There is no error. The writ, issued in May, 1849, was for the same cause of action, and amounted to full notice and was in fact a demand in the strongest form. Linn v. McClelland, 20 N.C. 596.
We can see no force in the exception to the answer made by the court to the interrogatory of the jury; it was simply a recital of the evidence on that point. These are the only points presented by the case.
PER CURIAM. Judgment affirmed. *Page 307 
(431)